**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

HEATHER B.,

                                    Plaintiff,

v.                                                                          5:24-CV-1182 (AMN/ML)

COMMISSIONER OF SOCIAL SECURITY,

                                    Defendant.

---

**APPEARANCES:**                                    **OF COUNSEL:**

**OLINSKY LAW GROUP**                        **HOWARD D. OLINKSY, ESQ.**
250 South Clinton Street – Suite 210
Syracuse, NY 13202
*Attorneys for Plaintiff*

**SOCIAL SECURITY ADMINISTRATION**    **VERNON NORWOOD, ESQ.**
6401 Security Boulevard
Baltimore, MD 21235
*Attorneys for Defendant*

**Hon. Anne M. Nardacci, United States District Judge**

**MEMORANDUM-DECISION AND ORDER**

## I.      INTRODUCTION

On September 26, 2024, Plaintiff Heather B.[1] ("Plaintiff") commenced this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") and disability insurance benefits ("DIB").  Dkt. No. 1 ("Complaint").

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect her privacy.

1

This matter was referred to United States Magistrate Judge Thérèse Wiley Dancks, who, on November 7, 2025, recommended that the Court deny Plaintiff's motion for judgment on the pleadings, Dkt. No. 11, grant the Commissioner's motion for judgment on the pleadings, Dkt. No. 12, dismiss the Complaint, and affirm the Commissioner's decision. Dkt. No. 14 ("Report-Recommendation"). Magistrate Judge Dancks advised that under 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id.* at 18. Plaintiff filed timely objections on November 21, 2025, Dkt. No. 15, and the Commissioner filed a response to Plaintiff's objections on December 5, 2025, Dkt. No. 16.

For the reasons that follow, the Court adopts the Report-Recommendation in its entirety.

## II.    STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'" *Petersen*, 2 F. Supp. 3d at 228 (quoting N.D.N.Y. Local Rule 72.1(c)). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See id.* at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). Similarly, if an objection simply rehashes arguments originally presented to the magistrate judge, this Court reviews the relevant portions of the report-recommendation for clear error. *See id.* at 228-29 & n.6 (collecting cases). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v.*

2

*Comm'r of Soc. Sec.*, No. 21-cv-01138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-0367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).  After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

## III.    DISCUSSION

The Court adopts those aspects of the Report-Recommendation to which neither Party has raised a specific objection, finding no clear error therein, including the background and legal framework set forth in the Report-Recommendation, familiarity with which is presumed for purposes of this Memorandum-Decision and Order.  *See* Dkt. No. 14 at 1-7.[2]

Plaintiff makes two objections in her submission, both of which are arguments that Plaintiff previously presented to Judge Dancks.  *Compare* Dkt. No. 15 at 1-3 *with* Dkt. No. 11 at 8-10; *compare* Dkt. No. 15 at 3-4 *with* Dkt. No. 11 at 11-12.  As a result, Plaintiff's objections are subject to clear error review.

First, Plaintiff objects to Magistrate Judge Dancks' finding that the Administrative Law Judge ("ALJ") sufficiently considered the supportability of the opinion of Plaintiff's medical source, Dr. Jeanne Shapiro. Dkt. No. 15 at 1-3.  Specifically, Plaintiff argues that the ALJ's residual functional capacity ("RFC") determination failed to properly consider certain aspects of Dr. Shapiro's opinion.  *Id.* at 2.  Plaintiff further argues that remand is required for consideration of Dr. Shapiro's findings in support of her conclusion that Plaintiff had greater limitations than those found by the ALJ in the RFC determination, namely her findings concerning Plaintiff's "experience of abuse, her posttraumatic symptoms, and her social issues," as well as concerning

---

[2] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

Plaintiff's relationship with her family. *Id.* at 3. In the Report-Recommendation, Magistrate Judge Dancks found that the ALJ's finding of moderate limitations was supported by substantial evidence and that the ALJ had provided adequate reasons for discounting Dr. Shapiro's conclusions regarding Plaintiff's limitations. Dkt. No. 14 at 11-13. In finding that Plaintiff had moderate limitations in mental functioning, the ALJ cited Dr. Shapiro's own notes stating that Plaintiff exhibited, among other things, a "cooperative" demeanor, "adequate," "coherent," and "appropriate" social traits, and could perform normal activities of daily living. *Id.* at 12-13 (citing *Stephanie F.B. v. Comm'r of Soc. Sec.*, No. 1:22-cv-311, 2024 WL 4116263, at *4 (W.D.N.Y. Sept. 9, 2024) (affirming ALJ's rejection of marked limitations in the plaintiff's ability to interact with others, regulate emotions, and control behavior in part because evidence in the record as to the plaintiff's severity included normal mental status exams and normal activities of daily living such as being able to dress, bathe, groom herself, clean, do laundry, drive and care for her children)).

Magistrate Judge Dancks found that the ALJ's explanation was sufficient on the question of supportability because the ALJ noted which of Dr. Shapiro's conclusions were supported by her findings and which were not. Dkt. No. 14 at 11-12; *see, e.g.*, *Tara M. B. v. Comm'r of Soc. Sec.*, No. 1:22-CV-1058 (MAD/DEP), 2023 WL 7286669, at *4 (N.D.N.Y. Sept. 21, 2023) (finding ALJ's supportability analysis sufficient where ALJ discounted certain of doctor's limitation conclusions based on doctor's own objective findings), *report and recommendation adopted sub nom. Tara B. v. Comm'r of Soc. Sec.*, 2023 WL 7281138 (N.D.N.Y. Nov. 3, 2023); *see also Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (holding that if the Commissioner's finding is supported by substantial evidence, it must be sustained "even where substantial evidence may support the plaintiff's position"). Thus, the Court finds no clear error in Magistrate Judge Dancks' treatment of the ALJ's finding regarding supportability.

Second, Plaintiff objects to Magistrate Judge Dancks' interpretation of the evidence cited in the ALJ's finding that Dr. Shapiro's opinion was inconsistent.  Dkt. No. 15 at 3-4.  Specifically, Plaintiff argues that Magistrate Judge Dancks undervalued the significance of Plaintiff's anxiety diagnoses as contributors to Dr. Shapiro's conclusion finding marked limitations, and that with a proper understanding, Dr. Shapiro's findings that Plaintiff exhibited "normal behavior, normal though content, and normal judgment" could be consistent with such marked limitations because Plaintiff's anxiety would not manifest "when not under stress".  *Id..*  In the Report-Recommendation, however, Magistrate Judge Dancks noted that the ALJ's finding regarding the medical opinion's consistency "was not focused on just Plaintiff's anxiety but her ability to regulate emotions," and that Dr. Shapiro's findings "do not indicate that the claimant lacked control of her emotions."  Dkt. No. 14 at 13-14.  Magistrate Judge Dancks also found that the ALJ's determination of inconsistency was sufficient not only because the ALJ addressed inconsistencies within Dr. Shapiro's opinion, but also because the ALJ addressed inconsistencies between Dr. Shapiro's opinion and Plaintiff's treatment history, including the findings of state agency consultants.  *See* Dkt. No. 14 at 14-15.  Accordingly, the Court finds no clear error in Magistrate Judge Dancks' assessment of the ALJ's finding regarding consistency.

Thus, for the reasons stated, the Court adopts the Report-Recommendation in its entirety.

## IV.    CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 14, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's motion, Dkt. No. 11, is **DENIED**; and the Court further

**ORDERS** that the Commissioner's motion, Dkt. No. 12, is **GRANTED**; and the Court further

**ORDERS** that the Complaint, Dkt. No. 1, is **DISMISSED**; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 20, 2026
      Albany, New York

Anne M. Nardacci
U.S. District Judge